ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE<br><br>Plaintiff(s),<br><br>vs.<br><br>LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM<br>Defendant(s). | Case No.: 1:25-CV- 00348- JAO-KJM<br>District Judge: Jill A. Otake<br><br>**NOTICE OF MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; CERTIFICATE OF COMPLIANCE; SWORN DECLARATION OF PLAINTIFF ERIC TRUSS; SWORN DECLARATION OF PLAINTIFF CHAMPAGNE TRUSS; CERTIFICATE OF SERVICE**<br><br>**(Exhibits 1, 3-6, 8-15, 18-27, 29-32 filed concurrently herewith; Exhibits 2, 7,16,17,28 filed with Motion to Seal; and Proposed Order submitted to chambers by email, in accordance with Local Rule and CM/ECF procedures.)** |

## NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that Plaintiffs Eric Truss and Champagne Truss ("Plaintiffs"), proceeding pro se, respectfully move this Court pursuant to Federal Rule of Civil Procedure 65 for a Preliminary Injunction against Defendants Lacie Reyes ("Defendant Reyes"), Shelly Dill ("Defendant Dill"), and AndersonDodson, P.C, d/b/a New Leaf Family ("Defendant New Leaf").

This Motion is based on the grounds that Defendants unlawfully obtained, disseminated, and repeatedly misused a confidential U.S. Army Initial Military Police Report marked Law Enforcement Sensitive Controlled Unclassified Information (CUI), which contains Plaintiffs' Social Security numbers, Department of Defense (DOD) Identification Numbers, Dates of Birth, and other private identifiers of Plaintiffs and their minor children (AT and DM). Defendants have continued to weaponize this unauthorized report in multiple public court filings and communications, despite Army orders, Congressional confirmation, and cease-and-desist demands establishing that they were never authorized to possess or use it.

Plaintiffs seek an injunction prohibiting Defendants from further possessing, using, disseminating, or filing the report, or from using the information contained therein to harass Plaintiffs, interfere with Plaintiff Eric Truss' employment, or compromise the safety and privacy of Plaintiffs' children.

This Motion will be based upon this Notice, the accompanying Plaintiffs' Motion for Preliminary Injunction, the Memorandum of Law in Support, the [Proposed] Order, the Declarations of Eric Truss and Champagne Truss, the attached Exhibits, the Motion to Seal Exhibits, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented at the hearing of this Motion.

DATED: Honolulu, Hawaii, October 20, 2025

/s/ Eric Truss
ERIC TRUSS, *PRO SE*

/s/ Champagne Truss
CHAMPAGNE TRUSS, *PRO SE*

ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE** ) ) ) | |
| **Plaintiff(s),** ) | |
| **vs.** ) | **Case No.: CV25 00348 JAO KJM** |
| **LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM** ) ) | **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| **Defendant(s).** ) | |
| ) ) ) ) ) ) ) | |

---

## <u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiffs Eric Truss and Champagne Truss ("Mr. Truss", "Mrs.

Truss", "Plaintiffs"), proceeding pro se, respectfully move this Court pursuant to

Rule 65 of the Federal Rules of Civil Procedure for a Preliminary Injunction

restraining Defendants from (1) using, possessing, or disseminating an

unauthorized and unredacted U.S. Army Military Police report containing the

Social Security numbers, dates of birth, DOD Identification Numbers, and other

private personally identifiable information ("PII") of Plaintiffs and their minor

children; and (2) engaging in further harassment of Plaintiffs through use of that

report and information derived from it.

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs respectfully request that this Court**

**enter a Preliminary Injunction:**

1. Enjoining Defendants Reyes, Dill, and AndersonDodson, P.C, d/b/a
   New Leaf Family, and all those acting in concert with them, from
   using, possessing, or disseminating any unauthorized version of the
   unredacted U.S. Army Initial Military Police report obtained on
   December 10, 2024;

2. Enjoining Ordering Defendants to return or destroy all copies of the
   unauthorized report and certify compliance with this Court within
   fourteen (14) days;

3. Enjoining Defendants from contacting, harassing, or attempting to

solicit information from military, law enforcement, or third parties

using information derived from the unauthorized report;

3. Prohibiting Defendants from using any information derived from

the unauthorized report in any judicial, administrative, or

employment-related proceeding;

4. Enjoining Defendants from contacting Plaintiff's employers,

military chain of command, or unrelated third parties in connection

with the report or matters contained therein;

5. Enjoining Defendants from engaging in further harassment of

Plaintiffs and their family through misuse of the report, false

witness solicitation, police calls, defamatory communications, or

any other related conduct; and

Granting such other and further relief as the Court deems just and

proper.

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

/s/ Eric Truss                                    /s/ Champagne Truss

ERIC TRUSS, *PRO SE*                    CHAMPAGNE TRUSS, *PRO SE*

ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE** | ) ) ) |
| **Plaintiff(s),** | ) ) |
| **vs.** | ) **Case No.: CV25 00348 JAO KJM** ) |
| **LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM** | ) **MEMORANDUM OF LAW IN** ) **SUPPORT OF PLAINTIFFS'** |
| **Defendant(s).** | ) **MOTION FOR PRELIMINARY** ) **INJUNCTION** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

_____

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION

## FOR PRELIMINARY INJUNCTION

2

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................5

TABLE OF EXHIBITS ......................................................................7

INTRODUCTION.............................................................................11

FACTUAL BACKGROUND ..............................................................12

NOTE ON SEALED EXHIBITS .........................................................23

LEGAL STANDARD........................................................................24

ARGUMENT...................................................................................25

   A. Plaintiffs Are Likely to Succeed on the Merits .............................25

     1. Intrusion Upon Seclusion / Invasion of Privacy ..........................25

     2. Unauthorized Dissemination and Misuse of Confidential Information ........26

     3. Abuse of Judicial Process .............................................27

     4. Violations of AR 190-45 and Army Confidentiality Standards....................30

     5. Harassment, Defamation, and Intentional and Negligent Infliction of Emotional Distress ........................................................31

     6. Bad Faith Conduct by Counsel .....................................33

     7. Privacy Act Violation..................................................33

   B. Plaintiffs Will Suffer Irreparable Harm .........................................35

   C. Balance of Equities Tips Sharply in Plaintiffs' Favor ....................36

   D. Injunction Serves the Public Interest ...........................................37

Conclusion and Prayer for Relief...........................................................39

# TABLE OF AUTHORITIES

**Cases**

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) ..............24

*Ariz. Dream Act Coal. v. Brewer,* 757 F.3d 1053 (9th Cir. 2014) ........................37

*Doe v. Regents of Univ. of Cal.,* 891 F.3d 1147 (9th Cir. 2018) ...........................35

*Doe v. Reed*, 561 U.S. 186, 199 (2010) .................................................................38

*Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) ....................38

*Hac v. Univ. of Hawaiʻi,* 102 Haw. 92 (2003) .......................................................33

*In re Snyder*, 472 U.S. 634 (1985) ........................................................................33

*In re Zappos.com, Inc.,* 888 F.3d 1020 (9th Cir. 2018) ....................................25, 35

*L.A. Memorial Coliseum Comm'n v. NFL,* 634 F.2d 1197 (9th Cir. 1980) ............25

*N.D. Cal. v. Tesla, Inc.,* 2019 WL 4645237 (N.D. Cal. Sept. 24, 2019) ...............38

*Robbins v. Lower Merion Sch. Dist.*, 592 F. Supp. 2d 575 (E.D. Pa. 2010) ..........38

*Sierra Forest Legacy v. Rey,* 577 F.3d 1015 (9th Cir. 2009) ................................25

*Valle del Sol Inc. v. Whiting,* 732 F.3d 1006 (9th Cir. 2013) ................................25

*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008) ...............................24, 25

**Statutes, Rules, and Regulations**

32 C.F.R. § 516, Subpart G (Touhy Regulations) ...........................................18, 29

Army Regulation 27-40 ...................................................................................18, 29

Army Regulation 190-45 ...................................................26, 28, 30, 31, 32, 34, 36

Privacy Act of 1974 ...................................................................................30, 33, 34

Restatement (Second) of Torts § 652B ...................................................................26

## **TABLE OF EXHIBITS**

**Exhibits Filed Under Seal (Sensitive Army Report Versions)**

**Exhibit 2** – Unauthorized unredacted U.S. Army Initial Military Police Report
(Dec. 10, 2024)

**Exhibit 7** – Filing of unredacted report by Defendants in Colorado Family Court
(Mar. 6, 2025)

**Exhibit 16** – Self-redacted version of report filed by Defendant Reyes in Colorado
Family Court (Apr. 23, 2025)

**Exhibit 17** – FOIA version of report filed by Defendant Reyes in Colorado Family
Court (Apr. 23, 2025)

**Exhibit 28** – Self-redacted version of report filed by Defendant Reyes in TRO
hearing (Jul. 1, 2025)

**Exhibits Filed Publicly**

**Exhibit 1**- Email communication from Defendant Reyes and civilian Federal
Worker providing Mr. Truss' Social Security Number to obtain unredacted,
unauthorized Initial Military Police Report

**Exhibit 3** – Unsecured email transmission of unredacted report by Defendant Dill
to civilian mediator (Dec. 11, 2024), and mediator to Mr. Truss' attorney all
without his consent

**Exhibit 4** – Confirmation from Chief of Police, Schofield Barracks, that Defendant Reyes improperly obtained the report, should not use it, and needs to protect it (Feb. 19, 2025)

**Exhibit 5**- Email from Chief of Police, Schofield Barracks confirming that Defendants attempted to contact JAG and movement on investigation

**Exhibit 6-** Email from Chief of CID FOIA confirming that their office did not provide unauthorized report to Defendants

**Exhibit 8** – Public witness list filed by Defendant Reyes including Military Police Officer identified from unauthorized report (Feb. 4, 2025)

**Exhibit 9** – Public witness list filed by Defendant Reyes including Military Police Officer and Mrs. Truss (Apr. 1, 2025)

**Exhibit 10** – Public witness list filed by Defendant Reyes including Mrs. Truss, Military Police Officer, Army Military Police Investigator, Mr. Truss' Commander and federal worker who released report (Apr. 14, 2025)

**Exhibit 11** – Public witness list filed by Defendant Reyes including Mrs. Truss, Military Police Officer, Army Military Police Investigator, Mr. Truss' Commander and federal worker who released report (Apr. 21, 2025)

**Exhibit 12** – Joint Trial Management Certificate publicly filed in Colorado Court by Defendant Reyes (Mar. 6, 2025)

**Exhibit 13** – Joint Trial Management Certificate publicly filed in Colorado Court by Defendant Reyes (Apr. 23, 2025)

**Exhibit 14**- Defendant Dill's request to Army CID attaching the unredacted report indicating that she had authorization to use it/ Defendant Reyes email requests to CID falsely stating that a "judge ordered" final report and sworn statements (Mar. 28, 2025)

**Exhibit 15**- FOIA partial denial letter to Defendant Dill

**Exhibit 18** – Transcript/record of U.S. Army Military Police Investigator's testimony in Colorado Family Court (Apr. 30, 2025)

**Exhibit 19** – Email communication from Defendant Reyes to Mr. Truss' Commander with false and defamatory complaints

**Exhibit 20** – Court minute orders showing Defendant Reyes' continuances and delays and filings of Mr. Truss proving he initiated child support hearings

**Exhibit 21**- Police report filed by Mrs. Truss against Defendant Reyes (Feb. 28, 2025)

**Exhibit 22** – Police report filed by Mr. Truss against Defendant Reyes (Jun. 16, 2025)

**Exhibit 23** – Cease-and-desist letter served on Defendant Reyes (Apr. 16, 2025)

**Exhibit 24** – Cease-and-desist letter served on Defendant Dill (Apr. 16, 2025)

**Exhibit 25** – Defendants' filing of cease-and-desist letter in Colorado Family Court (Apr. 23, 2025)

**Exhibit 26** – Congressional response: Garrison Commander admission that Army disclosure to Defendant Reyes was improper (Jun. 12, 2025)

**Exhibit 27** – Hawaii Family Court Temporary Restraining Order against Defendant Reyes (Jun. 19, 2025)

**Exhibit 29** – Witness list naming Defendant Dill as a witness in TRO proceeding (Jul. 01, 2025)

**Exhibit 30** – Records of unfounded police calls made by Defendant Reyes to Plaintiffs' home in Hawaii and to Mr. Truss' parents' home in Texas (Jul. 13, 2025)

**Exhibit 31** – Evidence of Defendant Reyes' obsessive monitoring of Plaintiff Mrs. Truss' social media since 2021

**Exhibit 32** – Evidence of Defendant Reyes' unwanted advances toward Plaintiff Mr. Truss

## INTRODUCTION

This case arises from Defendant's unlawful acquisition, dissemination, and repeated misuse of a confidential U.S. Army Initial Military Police Report. The report is explicitly marked Law Enforcement Sensitive, Controlled Unclassified Information (CUI) and contains Plaintiffs' Social Security numbers, DOD Identification Numbers, dates of birth, and the private identifiers of their minor children (AT and DM).

Despite knowing that they were not authorized to possess or use the report—and despite explicit directives from the Chief of Police of Schofield Barracks (Feb. 19, 2025) and a Congressional admission (June 12, 2025) confirming the report was improperly released—Defendants have filed it publicly in court, emailed it over unsecured networks, listed protected Army personnel and Plaintiff Mrs. Truss as witnesses, and even secured unauthorized Army testimony in unrelated family court proceedings.

Defendants have repeatedly weaponized this unauthorized report despite explicit Army restrictions, cease-and-desist letters, police reports, and a state-court Temporary Restraining Order. The record shows a pattern of deliberate misconduct, harassment, and invasion of privacy. Federal court intervention is necessary to prevent further misuse and protect the Plaintiffs' family, employment, and personal safety.

## FACTUAL BACKGROUND

1. On December 10, 2024, Defendant Reyes, whom Mr. Truss shares a 9-year-old daughter with (RT), unlawfully obtained an unredacted U.S. Army Initial Military Police report through an Army Federal Worker by providing misleading information and providing Mr. Truss' Social Security number without his consent. *See* **Exhibit 1**; Declaration of Eric Truss, ¶ 2 ("Mr. Truss Decl."); Declaration of Champagne Truss, ¶ 2 ("Mrs. Truss Decl.").

2. The Army Federal Worker released the unredacted U.S. Army Initial Military Police Report to Defendant Reyes through email. He had to send it twice as he was met with a personal protected information warning as a result of sending the unauthorized report through unsecured email, *see* **Exhibit 1**.

3. The unauthorized initial report contains the Social Security numbers, Dates of Birth, DOD Identification Numbers, and other private PII and sensitive information of Plaintiffs and their minor children (AT age 1 at the time, and DM age 11 at the time). ***See* Exhibit 2 (motion to seal)**; Mr. Truss Decl. ¶ 3; Mrs. Truss Decl. ¶ 2.

4. Additionally, each page of the Initial Military Police Report is clearly marked with the restriction***: "Information contained in this report is Law Enforcement Sensitive containing Controlled Unclassified Information (CUI), categories: PRVCY, LEI, INV. Dissemination is controlled respectively by***

*DACID or OPMG based on Army Regulation 190-45 (Law Enforcement*

*Reporting), limited to authorized holders, and cannot be further distributed."*

This designation confirms that Defendants Reyes and Dill were never authorized to

possess, distribute, or use the report in civilian litigation, and that they acted in

direct contravention of federal restrictions. ***See* Exhibit 2 (motion to seal)**; Mr.

Truss Decl. ¶ 4; Mrs. Truss Decl. ¶ 3.

      5. On December 11, 2024, during an unrelated family court issue

mediation between Defendant Reyes and Mr. Truss, Plaintiffs discovered that

Defendants had possession of the unauthorized report when Defendant Dill

transmitted the unredacted report over unsecured email to a civilian mediator, who

then sent an unsecured email to Mr. Truss' attorney without Plaintiff's consent.

***See* Exhibit 3;** Mr. Truss Decl. ¶ 7; Mrs. Truss Decl. ¶ 6.

      6. At that time, Defendants falsely claimed they had received the

unauthorized report through the Freedom of Information Act ("FOIA"). However,

Plaintiffs did not obtain a partially denied and heavily redacted FOIA response (in

which still contained sensitive information) until April 16, 2025, proving that

Defendant Reyes was never authorized to possess the unredacted version. *See* Mr.

Truss Decl. ¶ 8; Mrs. Truss Decl. ¶ 7.

      7. On February 15, 2025, Mrs. Truss, contacted FOIA headquarters to

inquire about the dissemination of the report. Through email it was further

confirmed by the Chief of Army CID FOIA/PA Division that their office did not release the unredacted, unauthorized Initial Military Police Report to the Defendants. *See* **Exhibit 6**; Mr. Truss Decl. ¶ 9; Mrs. Truss Decl. ¶ 8.

       8. On or around February 18, 2025, the Army Inspector General and Military Police initiated an inquiry/ investigation into Defendant Reyes for falsely retrieving the initial report and further disseminating it over an unsecured network. *See* Mr. Truss Decl. ¶ 10; Mrs. Truss Decl. ¶ 9.

       9. On or around February 19, 2025, the Chief of Police of Schofield Barracks confirmed that Defendant Reyes had contacted a civilian federal worker, provided Mr. Truss' Social Security number and personal information, and thereby obtained the unredacted report. The Chief of Police further assured that he would order Ms. Reyes to not utilize the document in any way, as she had no legitimate interest in the matter and the report constituted a controlled, unredacted military police document. *See* **Exhibit 4;** Mr. Truss Decl. ¶ 11; Mrs. Truss Decl. ¶ 10.

       10. On March 6, 2025, Defendants filed the unredacted report unsecured into Colorado family court records. *See* **Exhibit 7 (motion to seal)**; Mr. Truss Decl. ¶ 12; Mrs. Truss Decl. ¶ 11.

       11. Defendants Reyes and Dill used the unauthorized report to contact

numerous military and law enforcement entities as an attempt to gain sensitive information without the consent of Mr. Truss. *See* Mr. Truss Decl. ¶ 13; Mrs. Truss Decl. ¶ 12.

12. These sensitive personnel that the defendants contacted included the Military Police, Military Police Investigators, the Chief of Police of Schofield Barracks, the U.S. Army Criminal Investigation Division, the U.S. Army Judge Advocate General's Corps, and even attempted to contact a prosecutor, all names that defendants retrieved solely due to being in possession of the unauthorized report. ***See* Exhibits 5, 14;** Mr. Truss Decl. ¶ 13; Mrs. Truss Decl. ¶ 12.

13. These efforts were designed solely to weaponize the report and extract additional information against Plaintiff Eric Truss to use maliciously in Colorado family court, **despite the matter being wholly unrelated to Defendant Reyes.**

14. Defendant Reyes misused the sensitive names listed in the unauthorized report to identify and publicly list witnesses in Colorado family court proceedings. *See* Mr. Truss Decl. ¶ 14.

15. On February 4, 2025, and April 1, 2025, Defendant Reyes publicly listed a Military Police Officer from the unauthorized incident report as a witness in her family court case, ***See* Exhibits 8, 9;** Mr. Truss Decl. ¶ 14.

15

16. On April 1, April 14, and April 21, 2025, Defendant Reyes listed Plaintiff Champagne Truss herself as a witness multiple times, in an effort solely to harass the Plaintiffs by attempting to force Mrs. Truss to testify against her husband. ***See* Exhibits 9, 10, 11**; Mr. Truss Decl. ¶ 14; Mrs. Truss Decl. ¶ 13.

17. On April 14 and April 21, 2025, Defendant Reyes submitted public witness lists naming protected personnel, including a Military Police Officer, a Military Police Investigator, Mr. Truss' Commander, and the federal worker who released the report. ***See* Exhibits 10, 11**; Mr. Truss Decl. ¶ 14. These filings were all public, further compounding the exposure and harassment.

18. Defendants continued to misuse the unauthorized Initial Military Police Report by incorporating its contents into multiple publicly filed Joint Trial Management Certificates filed in Colorado family court. In these filings, Defendants narrated the incident based not on factual determinations but on assumptions and hearsay, and they included personal details regarding Plaintiff Champagne Truss that were wholly unrelated to the case. ***See* Exhibits 12, 13**; Mr. Truss Decl. ¶ 15; Mrs. Truss Decl. ¶¶ 14-15.

19. Defendants further misrepresented the nature of the Colorado family court proceedings when contacting Army and law enforcement agencies. The Colorado case was initiated by Plaintiff Eric Truss solely to secure a court-ordered parenting plan for his daughter, RT. It did not concern, adjudicate, or

require evidence regarding the private incident described in the unauthorized

Military Police Report. Nevertheless, Defendants repeatedly acted as though the

Colorado case was about that incident. In furtherance of this deception, Defendants

contacted multiple Army and law enforcement agencies seeking additional

investigative materials and falsely represented that a judge had ordered disclosure

of "all reports and sworn statements" related to the incident—an order that does

not exist. ***See* Exhibit 14**; Mr. Truss Decl. ¶ 18.

20. On March 11, 2025, **Defendant Reyes submitted a written**

**Privacy Act request to the U.S. Army Criminal Investigation Division ("CID")**

**seeking investigative records pertaining to Plaintiff Eric Truss.** The Privacy

Act request form itself expressly states: "You or your agent may request records

only about yourself." Neither Defendant Reyes nor her daughter was the subject of

the report, nor was she an authorized agent, guardian, or spouse of Mr. Truss. Her

submission was therefore improper and unlawful on its face. Despite this

limitation, Defendant Reyes attempted to invoke the Privacy Act to access records

that concerned Mr. Truss and his family, further demonstrating her ongoing pattern

of deception and bad faith in attempting to obtain Army-controlled law

enforcement information. See Mr. Truss Decl. ¶ 17.

21. On March 28, 2025, in a clear act of bad faith, Defendant Dill

attached a copy of the unlawfully obtained unredacted report to her request to

Army CID as an effort to legitimize her possession of the document and to suggest

entitlement to an official version. *See* **Exhibit 14**; Mr. Truss Decl. ¶ 18.

22. On April 16, 2025, an official FOIA report/request was granted to

Defendant Dill on behalf of Defendant Reyes, which was approved with a partial

denial**.** *See* **Exhibit 15**.

23. On April 23, 2025, Defendant Reyes submitted both a self-redacted

version of the incident report and the FOIA version to family court filings,

demonstrating that she obtained a partially redacted FOIA version, but yet

continued to rely on her own unauthorized version. *See* **Exhibits 16 (motion to

seal), 17 (motion to seal);** Mr. Truss Decl. ¶ 20. **The 2 versions of the reports

have significant differences.**

24. On April 30, 2025, during a court hearing in the Colorado Family

Court matter, Defendants Reyes and Dill secured the live testimony of a U.S.

Army Military Police Investigator who was a sensitive individual listed only on the

unauthorized report. *See* Mr. Truss Decl. ¶ 21; Mrs. Truss Decl. ¶ 17.

25. This testimony was obtained and presented without the Army's

prior written authorization, as required by federal law, including the Touhy

regulations (32 C.F.R. § 516, Subpart G) and Army Regulation 27-40, or a valid

court ordered subpoena issued by the family court judge. The family court judge

was confused himself as to who approved this action and questioned the

investigators appearance. *See* **Exhibit 18**; Mr. Truss Decl. ¶ 21; Mrs. Truss Decl. ¶

17.

26. Despite these procedural violations, the investigator willfully

testified regarding the findings of her investigation, presenting unverified and

potentially prejudicial conclusions in a civilian custody proceeding. *Id.*

27. Defendant Reyes repeatedly harassed Plaintiff Eric Truss at his

workplace by emailing his military commander with false, defamatory, and

misleading information, even threatening to contact "higher authorities" if no

action be taken upon Mr. Truss. *See* **Exhibit 19**; Mr. Truss Decl. ¶¶ 22-23.

28. These communications, fueled by the unauthorized report, caused

him to be reprimanded and interfered with his duties, creating a hostile work

environment. *Id.*

29. On February 28, 2025, and June 16, 2025, Plaintiffs filed police

reports against Defendant Reyes, documenting her ongoing harassment. Yet the

conduct continued unabated. *See* **Exhibits 21, 22**; Mr. Truss Decl. ¶ 24; Mrs. Truss

Decl. ¶ 18.

30. On April 16, 2025, Plaintiffs served a cease-and-desist letter on

Defendants demanding that they stop using the unauthorized report and cease the

ongoing harassment and unwanted intrusion into their personal lives. ***See* Exhibits

23, 24**; Mr. Truss Decl. ¶ 19; Mrs. Truss Decl. ¶ 16.

31. Defendants submitted the cease-and-desist letter into evidence in

the Colorado Family Court hearing proving their intent to undermine or dismiss

Plaintiff's efforts to enforce their rights. ***See* Exhibit 25**; Mr. Truss Decl. ¶ 19;

Mrs. Truss Decl. ¶ 16.

32. On June 12, 2025, in response to a Congressional complaint, the

Garrison Commander of Schofield Barracks confirmed in writing that the Army's

disclosure to Ms. Reyes was improper and that she was not authorized to possess

or use the report. ***See* Exhibit 26**; Mr. Truss Decl. ¶ 25; Mrs. Truss Decl. ¶ 19.

33. On June 19, 2025, the Hawaii Family Court issued a Temporary

Restraining Order ("TRO") against Defendant Reyes. In which she contested.

However, that TRO expired on August 18, 2025, not because Defendant Reyes'

conduct ceased, but because Mr. Truss was unable to present all evidence due to

technical defaults, and because the state family court judge stated that Hawaii

Family Court was not the proper venue to address these federal and military-

related issues. ***See* Exhibit 27**; Mr. Truss Decl. ¶ 27; Mrs. Truss Decl. ¶ 21.

34. On July 1, 2025, during the first TRO hearing, Defendant Reyes

again, submitted into evidence a self-redacted version of the initial military police

report. *See* **Exhibit 28 (motion to seal),** Mr. Truss Decl. ¶ 28. Despite prior legal

warnings, the availability of a redacted FOIA-authorized version, and the issuance

of a cease-and-desist letter, Defendant Reyes continued to rely on and disseminate

the unauthorized version in a protective order proceeding. The version she

submitted still contained sensitive identifying information that was never lawfully

released for civilian litigation.

35. Instead of accepting the TRO process as a boundary, Defendant

Reyes escalated matters by requesting a contested trial in response to the TRO. In

doing so, she named her own attorney, Defendant Dill, as a witness in the TRO

proceeding—despite the fact that protective order proceedings did not implicate

Defendant Dill in a personal capacity, nor did she have firsthand knowledge of the

incidents raised in the TRO. *See* **Exhibit 29**; Mr. Truss Decl. ¶ 29.

36. Defendant Reyes' actions demonstrate a deliberate refusal to cease

her misuse of the document, and a continued campaign of harassment, invasion of

privacy, and abuse of the judicial system.

37. On June 13, 2025, Defendant Reyes contacted the summer

childcare program that her and Mr. Truss' daughter was attending in Hawaii to

further harass. She obtained the program's contact information from an invoice

that Plaintiff Eric Truss was required to provide to her pursuant to their cost-

sharing obligations for childcare. Rather than limiting her use of this information to the intended purpose of paying her share, Defendant Reyes used it to call the program, lodge complaints, and attempt to obtain additional personal information about Plaintiff Eric Truss. Mr. Truss Decl. ¶ 26; Mrs. Truss Decl. ¶ 20.

38. On July 13, 2025, Defendant Reyes made two unfounded police calls—one to Plaintiffs' home in Hawaii and one to Mr. Truss' parent's home in Texas—for harassment purposes. ***See* Exhibit 30**; Mr. Truss Decl. ¶ 30; Mrs. Truss Decl. ¶ 22.

39. Defendant Reyes' harassment has not been limited to litigation abuse. Since 2021, she has engaged in obsessive monitoring of Mrs. Truss' social media, and has harassed Mr. Truss directly with unwanted advances, including requests to rekindle a relationship and have another child despite his marriage to Mrs. Truss. ***See* Exhibits 31-32**; Mr. Truss Decl. ¶¶ 31-32; Mrs. Truss Decl. ¶ 23.

40. Despite cease-and-desist letters, multiple police reports, a Hawaii state court Temporary Restraining Order, and even a pending Army Inspector General inquiry, Defendant Reyes has demonstrated that she will not cease misusing the unauthorized Military Police report. She has continued to introduce it into judicial proceedings, to disseminate it to third parties, and to exploit it as a weapon of harassment.

41. Her attorney, Defendant Dill, has further enabled this conduct by

disseminating, attaching, and submitting the unauthorized report to official

channels as an effort to legitimize its use. Neither judicial oversight nor military

investigations have deterred Defendants' ongoing campaign.

42. Plaintiffs reasonably fear for their safety and for the permanent

compromise of their children's most sensitive personal information, which remains

at risk of further misuse. Plaintiffs cannot know how Defendants will use the

information next, or to whom they will spread it, and Defendants' pattern of

contacting Plaintiffs' employer, chain of command, and unrelated third parties

makes clear that the risk is ongoing and escalating. *See* Mr. Truss Decl. ¶ 32; Mrs.

Truss Decl. ¶ 24.

43. **Accordingly, federal court intervention is necessary to halt**

**Defendants' misconduct and to protect Plaintiffs, their children, and their**

**private data. Only through the issuance of a Preliminary Injunction can**

**Defendants and all those acting in concert with them, including Defendant**

**Dill, be stopped from continuing this unlawful course of conduct.**

## NOTE ON SEALED EXHIBITS

Plaintiffs respectfully notify the Court that Exhibits 2,7,16,17, and 28

referenced in this Motion consists of five versions/ date stamps of use of the U.S.

Army Initial Military Police Report that Defendants unlawfully obtained and

disseminated. Plaintiffs have contemporaneously filed a Motion to Seal

Unauthorized Military Police Reports requesting that Exhibits 2,7,16,17, and 28 remain permanently sealed due to sensitive PII, the privacy rights of minor children, and Army-controlled CUI restrictions. Plaintiffs rely upon these sealed exhibits in support of this Motion.

## LEGAL STANDARD

Under a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). **To obtain a preliminary injunction, Plaintiffs must establish:**

> **A. A likelihood of success on the merits;**
>
> **B. A likelihood of suffering irreparable harm in the absence of preliminary relief;**
>
> **C. Balance of equities; and**
>
> **D. That an injunction is in the public interest.**

*Id.* at 20. The Ninth Circuit applies a "sliding scale" approach, under which "serious questions going to the merits" combined with a balance of hardships that tips sharply in the plaintiff's favor will support issuance of a preliminary injunction, provided the other two elements are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm before a final judgment can be entered**.

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). Irreparable harm is defined as harm that cannot be adequately compensated by monetary damages or repaired by legal remedies after the fact. *L.A. Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980). **Courts have recognized that unauthorized disclosure of personally identifiable information constitutes irreparable harm because once exposed, it cannot be retrieved or contained**. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1027–28 (9th Cir. 2018).

Finally, the public interest strongly favors injunctions that prevent unlawful conduct, safeguard personal privacy, and uphold compliance with federal regulations such as the Touhy regulations and Army confidentiality rules. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013).

## ARGUMENT

Plaintiffs meet all four elements required for a preliminary injunction under *Winter v. NRDC*, 555 U.S. 7 (2008). The record establishes both a likelihood of success on the merits and irreparable harm. The equities tip sharply in Plaintiff's favor, and the public interest is served by preventing continued misuse of Army-controlled, law enforcement sensitive material and by protecting minor children's private information.

### A. Plaintiffs Are Likely to Succeed on the Merits

#### 1. Intrusion Upon Seclusion / Invasion of Privacy

Defendant Reyes unlawfully acquired a U.S. Army Initial Military Police Report by providing Plaintiff Eric Truss' Social Security number and other identifiers without consent (¶1; Ex. 1; Mr. Truss Decl. ¶ 2; Mrs. Truss Decl. ¶ 2). The report contained highly sensitive data about Plaintiffs and their children (AT and DM), including Social Security numbers, dates of birth, and DOD ID numbers (¶2; Ex. 2; Mr. Truss Decl. ¶ 3; Mrs. Truss Decl. ¶ 2). The report also contained a private, sensitive incident that occurred in the privacy of the Plaintiffs' home. Such conduct constitutes a classic intrusion upon seclusion. See *Restatement (Second) of Torts § 652B* (liability for intentional intrusion upon the solitude or private affairs of another where intrusion is highly offensive to a reasonable person).

The offense is compounded by the fact that the Army itself explicitly marked the report as *Law Enforcement Sensitive, Controlled Unclassified Information (CUI)* and limited dissemination under Army Regulation 190-45. The footer on every page confirms that dissemination was restricted to "authorized holders" and "cannot be further distributed" (¶ 4). By ignoring these restrictions, Defendants engaged in an unauthorized invasion of Plaintiffs' private affairs.

## 2. Unauthorized Dissemination and Misuse of Confidential Information

Defendants did not merely obtain the report; they widely distributed it. Defendant Dill emailed the unredacted report over unsecured email to a civilian

mediator on December 11, 2024 (¶ 5; Ex. 3; Mr. Truss Decl. ¶ 7; Mrs. Truss Decl. ¶ 6), who then sent it to Plaintiff's counsel without Plaintiff's consent. They filed the unredacted, unauthorized version of the report in Colorado family court on March 6, 2025 (¶ 10, Ex. 7; Mr. Truss Decl. ¶ 12; Mrs. Truss Decl. ¶ 11), and numerous times after that.

When confronted, Defendants falsely represented that the report had been obtained through FOIA (¶ 6; Mr. Truss Decl. ¶ 8; Mrs. Truss Decl. ¶ 7). In fact, the official FOIA release was not issued until April 16, 2025, and was deemed as partially denied and heavily redacted (¶ 20; Ex. 15). By misrepresenting the source of the report and relying on their own unauthorized version even after receipt of the official redacted FOIA version, Defendants demonstrated bad faith.

On February 19, 2025, the Chief of Police of Schofield Barracks expressly confirmed that Defendant Reyes had obtained the report by providing Mr. Truss' personal identifiers and ordered her not to use it (¶ 9; Ex. 4; Mr. Truss Decl. ¶ 11; Mrs. Truss Decl. ¶ 10). Less than three weeks later, Defendants publicly filed the report in family court. This sequence alone establishes deliberate misconduct.

### 3. Abuse of Judicial Process

On June 12, 2025, in response to a Congressional inquiry submitted by Plaintiff Eric Truss to Representative Ed Case, the Garrison Commander of

Schofield Barracks issued a written admission confirming that the Army's disclosure of the unredacted report to Defendant Reyes was improper and that she was never authorized to possess or use it (¶ 30; Ex. 26; Mr. Truss Decl. ¶ 25; Mrs. Truss Decl. ¶ 19). This Congressional response, coming directly from Army command, provides incontrovertible federal confirmation that Defendant's possession and use of the report was unlawful from the outset.

The Army's own classification of the report as Law Enforcement Sensitive CUI under AR 190-45 reinforces Plaintiffs' likelihood of success. Defendants' continued possession and use of the report—despite its explicit restriction to "authorized holders" and its prohibition on further distribution—constitutes clear misuse of confidential government information, intrusion upon seclusion, and ongoing harassment.

Defendants repeatedly weaponized the report by using the sensitive names it contained to list witnesses in family court proceedings. These included a Military Police Officer, a Military Police Investigator, Plaintiff Mrs. Truss (to testify against her husband), Mr. Truss' Commander, and even the civilian federal worker who improperly released the report (¶¶ 13–17, Exs. 8–11). All filings were made in public dockets, further exposing sensitive information.

Defendants further contacted multiple Army and law enforcement agencies seeking additional investigative materials. In doing so, they falsely

represented that a judge had ordered disclosure of all reports and sworn statements relating to the incident—**an order that does not exist**. This misrepresentation, combined with Defendant Dill's act of attaching the unauthorized unredacted report in correspondence with Army CID (¶¶ 19, 21; Ex. 14; Mr. Truss Decl. ¶ 18), illustrates a continuing pattern of bad faith designed to obtain sensitive federal records under false pretenses. Such conduct demonstrates not only deliberate misuse of the unauthorized report, but also intentional deception of federal authorities in attempt to expand the scope of their access.

Defendant Dill further compounded the abuse by attaching the unredacted report to Army CID correspondence on March 28, 2025, as an effort to "legitimize" her possession. *Id*. These actions constitute a textbook abuse of judicial process — **using an unauthorized government record as a litigation weapon against a private party.**

Most egregiously, on April 30, 2025, Defendants secured the live testimony of a U.S. Army Military Police Investigator whose name appeared only in the unauthorized report (¶¶ 24–26; Ex. 18; Mr. Truss Decl. ¶ 21; Mrs. Truss Decl. ¶ 17). The testimony was presented without written Army authorization as required under federal *Touhy* regulations (32 C.F.R. § 516, Subpart G; AR 27-40) or any valid court-issued subpoena. The investigator testified about ongoing Army

investigative matters, exposing Plaintiffs' personal and family issues in an unrelated civilian proceeding.

This pattern underscores the urgent need for injunctive relief, as Defendants have shown they will not limit their misconduct voluntarily.

### 4. Violations of AR 190-45 and Army Confidentiality Standards

Defendants' conduct directly contravened Army Regulation 190-45, Law Enforcement Reporting, which governs Military Police (MP) reports.

**A. Unauthorized Dissemination**. AR 190-45 limits MP report dissemination to those with an official "need to know" within Army/Department of Defense (DOD) channels. Defendants are private litigants with no such role. Their acquisition and civilian use of the report violated §§ 3-2, 3-3, and 3-5.

**B. Violation of Privacy Act Protections.** AR 190-45 incorporates the Privacy Act of 1974, which protects PII such as Social Security numbers, dates of birth, and minor children's identifiers. Defendants' filings in Colorado family court and their email dissemination exposed exactly this type of data.

**C. Failure of Accountability.** AR 190-45 mandates accountability and chain-of-custody procedures for any release. No such chain exists here. Defendant Reyes instead circumvented Army protocols by providing Mr. Truss' Social Security number (without his consent) to obtain the report.

Critically, **Defendant Reyes is a Warrant Officer One (WO1) in the United States Army**. She receives **annual training** on handling CUI and is regularly warned via training modules and Army communications that unauthorized dissemination is prohibited (Mr. Truss Decl. ¶¶ 5-6; Mrs. Truss Decl. ¶¶ 4-5). Her repeated civilian use of the report cannot be excused as ignorance. **It was malicious, intentional, and in defiance of her professional obligations as a commissioned Army officer.**

These violations of AR 190-45 and Army confidentiality rules remove any plausible justification for Defendants' conduct and further underscore the necessity of federal injunctive relief.

**5. Harassment/ Defamation/ Intentional and Negligent Infliction of Emotional Distress**

Defendants used the report to fuel a campaign of harassment against Plaintiffs. Defendant Reyes repeatedly contacted Mr. Truss' military chain of command, sending false and defamatory complaints, and threatening to escalate matters to "higher authorities" unless action was taken (¶¶ 27-28; Ex. 19; Mr. Truss Decl. ¶¶ 22-23). These falsely stated and unwanted communications caused Mr. Truss to be reprimanded and created a hostile work environment. *Id.*

Defendants' conduct went far beyond the bounds of ordinary litigation. Defendant Reyes misused the unauthorized report to list Plaintiff

Champagne Truss as a witness against her husband on multiple occasions solely to harass (¶ 16; Exs. 9–11; Mr. Truss Decl. ¶ 14; Mrs. Truss Decl. ¶ 13). She secured the testimony of a U.S. Army Military Police Investigator without Army authorization or court order (¶¶ 24–26; Ex. 18; Mr. Truss Decl. ¶ 21; Mrs. Truss Decl. ¶ 17), exposing Plaintiffs' private family issues in a civilian court.

Defendants also escalated harassment outside of litigation. Defendant Reyes called her and Mr. Truss' daughter's summer childcare program that she was attending in Hawaii, used contact information she obtained from a childcare invoice, and misused that private data to lodge complaints and seek further information about the plaintiffs (¶37; Mr. Truss Decl. ¶ 26; Mrs. Truss Decl. ¶ 20). She also made unfounded police calls to Plaintiffs' home in Hawaii and Mr. Truss' parent's home in Texas on July 13, 2025 (¶38, Ex. 30; Mr. Truss Decl. ¶ 30; Mrs. Truss Decl. ¶ 22).

This harassment has been continuous since 2021, when Defendant Reyes began obsessively monitoring Mrs. Truss' social media and attempting to rekindle a romantic relationship with Mr. Truss despite his marriage to Mrs. Truss (¶39, Exs. 31–32; Mr. Truss Decl. ¶ 31-32; Mrs. Truss Decl. ¶ 23). The report was thus used not for legitimate litigation purposes, but as a tool of personal harassment and intimidation.

This pattern of obsessive and malicious conduct has caused severe emotional distress to both Plaintiffs, beyond any conceivable "normal" stress of litigation (Mr. Truss Decl. ¶ 32; Mrs. Truss Decl. ¶ 24). See *Hac v. Univ. of Hawai'i*, 102 Haw. 92, 104 (2003) (extreme and outrageous conduct that intentionally or recklessly causes severe emotional distress is actionable).

### 6. Bad Faith Conduct by Counsel

Attorneys have heightened ethical obligations not to misuse confidential information. Yet Defendant Dill repeatedly submitted unauthorized, unredacted versions of the report even after being served with a cease-and-desist letter (¶30; Exs. 23–24; Mr. Truss Decl. ¶ 19; Mrs. Truss Decl. ¶ 16). She attached the unredacted report to unsecured emails to Army CID in bad faith (¶21; Ex. 14; Mr. Truss Decl. ¶ 18). She even allowed herself to be named as a witness in Defendant Reyes' TRO proceeding, despite her conflict of interest (¶35; Ex. 29; Mr. Truss Decl. ¶ 29).

Such conduct violates professional standards. *See In re Snyder*, 472 U.S. 634, 645 (1985) (attorneys are officers of the court and must uphold integrity of proceedings). Her misconduct also exposes her law firm, AndersonDodson, P.C, d/b/a New Leaf Family, to vicarious liability under respondeat superior.

### 7. Privacy Act Violations

On March 11, 2025, Defendant Reyes submitted a Privacy Act request to the U.S. Army CID seeking investigative records pertaining to Plaintiff Eric Truss (¶20; Mr. Truss Decl. ¶ 17). The Privacy Act and verbiage on the document that she submitted expressly provides that "you or your agent may request records only about yourself." 5 U.S.C. § 552a(b). Neither Defendant Reyes nor her daughter was the subject of the records, nor is she an authorized agent, guardian, or spouse of Mr. Truss. Her request was therefore unlawful on its face.

Army Regulation 190-45 incorporates the Privacy Act's restrictions, recognizing that Military Police and CID reports contain protected PII. These protections extend to Social Security numbers, dates of birth, DOD identification numbers, and information regarding minor children. By submitting a request for another individual's records under her own name/ daughter's name, Defendant Reyes directly violated these statutory and regulatory safeguards.

This misuse of the Privacy Act process further demonstrates Defendants' pattern of bad faith in attempting to gain unauthorized access to Army law enforcement materials. It underscores that their conduct is not the product of mistake or inadvertence, but of repeated and intentional disregard for federal law. The Privacy Act violation independently establishes Plaintiffs' likelihood of success on the merits and further supports the need for immediate injunctive relief.

Taken together, these facts establish that Plaintiffs are over-whelmingly likely to succeed on the merits of their claims.

## B. Plaintiffs Will Suffer Irreparable Harm

Courts recognize that disclosure of sensitive personal identifiers constitutes irreparable harm. The unredacted Initial Military Police Report at issue here contains the Social Security numbers, DOD identification numbers, and dates of birth of Plaintiffs and their minor children, precisely the type of sensitive information federal law safeguards. Once exposed, such identifiers cannot be retrieved, and the risk of misuse, identity theft, and further harassment is permanent.

The Ninth Circuit has confirmed that unauthorized disclosure of PII creates a substantial risk of identity theft and therefore constitutes a present, actionable injury. *In re Zappos.com, Inc.,* 888 F.3d 1020, 1027–29 (9th Cir. 2018) (finding standing where hackers stole names, addresses, and payment data; recognizing exposure of sensitive identifiers as creating a substantial risk of harm). **Similarly, courts have emphasized that the loss of privacy in one's most sensitive information is an injury that cannot be undone once disclosure occurs.** *See Doe v. Regents of Univ. of Cal*., 891 F.3d 1147, 1169 (9th Cir. 2018) (recognizing injury where personal information disclosure created risk of misuse).

35

The Army itself recognizes this principle in binding regulation. Army Regulation 190-45, Law Enforcement Reporting, explicitly incorporates the Privacy Act of 1974 and classifies MP reports as containing protected PII, including Social Security numbers, dates of birth, and the identities of minor children. AR 190-45 strictly prohibits dissemination outside official channels without release authority. Defendants' use of an unredacted MP report in public filings and emails directly contravenes these protections, compounding the irreparable harm. Here, the risk is not hypothetical. Defendants have already repeatedly misused the report. Plaintiffs have no assurance that Defendants will discontinue the dissemination of the report.

In addition, Defendants' conduct has directly harmed Plaintiffs in ways not compensable by money damages. Mr. Truss suffered workplace reprimands and a hostile environment due to Defendant Reyes' defamatory complaints (¶¶ 22–23). Plaintiffs endured harassment through repeated police calls, interference with Mr. Truss' daughter's childcare provider, and unwanted intrusions into their family life (¶¶ 33–34). Courts have consistently held that reputational injury, workplace interference, and family disruption constitute irreparable harm. Without federal intervention, Plaintiffs and their children remain at risk of further exposure and harassment.

### C. Balance of Equities Tips Sharply in Plaintiffs' Favor

The balance of equities is clear. Plaintiffs face the ongoing risk of disclosure of their children's private identifiers, harassment at home and work, and abuse of judicial processes. **Defendants, by contrast, suffer no cognizable harm from being barred from using a document they were never authorized to possess in the first place, and to a situation in which they were not involved.** The only "burden" imposed is that Defendants refrain from doing what they had no legal right to do in the first place — possessing, using, or disseminating a restricted Army report and harassing Plaintiffs.

The Ninth Circuit Court has held that when plaintiffs seek to preserve the status quo and prevent irreparable privacy or constitutional harms, the equities favor injunctive relief. *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014). Here, the equities tip not just in Plaintiffs' favor but sharply so.

### D. Injunction Serves the Public Interest

The public has a compelling interest in protecting Army-designated *Law Enforcement Sensitive CUI*. Unauthorized civilian use of military police reports undermines the integrity of Army investigations and risks disclosure of sensitive law enforcement data.

The public interest favors protecting families and children from misuse of sensitive personal identifiers, preventing harassment of military families, and ensuring compliance with federal confidentiality rules. Courts routinely seal or

37

enjoin dissemination of confidential materials to prevent abuse. *N.D. Cal. v. Tesla,*

*Inc.*, 2019 WL 4645237 (sealing documents containing employee PII).

Equally important, the public interest strongly favors the protection of

children's privacy. Courts have consistently recognized that minors' personal data

and identities are entitled to heightened protection. *See Robbins v. Lower Merion*

*Sch. Dist.*, 592 F. Supp. 2d 575 (E.D. Pa. 2010) (granting injunction against covert

surveillance of students at home and emphasizing the paramount privacy rights of

children); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)

(acknowledging the state's compelling interest in safeguarding the physical and

psychological well-being of minors); *Doe v. Reed*, 561 U.S. 186, 199 (2010)

(recognizing the government's interest in protecting individuals from harassment,

particularly where disclosure would expose sensitive personal information).

These precedents underscore that when disclosure risks exposing

minor children's private identifiers, such as Social Security numbers, dates of

birth, and other sensitive family information, the public interest strongly supports

judicial intervention.

Here, allowing Defendants to continue disseminating an unauthorized

military police report undermines public trust, compromises the integrity of Army

investigations, and enables further harassment of private citizens. The public

interest is best served by halting Defendants' misconduct. Enjoining Defendants

here serves both interests: ensuring that Army law enforcement materials are not

misused, and lawful process is maintained, and protecting minor children from

exposure and harassment.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that

they have demonstrated: a strong likelihood of success on the merits of their

claims; that they will suffer ongoing and irreparable harm absent immediate

judicial intervention; that the balance of hardships tips sharply in their favor, as

Defendants have no legitimate interest in retaining or using unlawfully obtained

materials; and that the public interest strongly supports an injunction to protect

private citizens, military families, minors, and the integrity of federal

confidentiality rules.

**For these reasons, Plaintiffs respectfully request that the Court**

**grant their Motion for Preliminary Injunction:**

1. Enjoining Defendants Reyes, Dill, and AndersonDodson, P.C, d/b/a

New Leaf Family, and all those acting in concert with them, from

using, possessing, or disseminating any unauthorized version of the

unredacted U.S. Army Initial Military Police report obtained on

December 10, 2024.

2. Enjoining Ordering Defendants to return or destroy all copies of the unauthorized report and certify compliance with this Court within fourteen (14) days.

3. Enjoining Defendants from contacting, harassing, or attempting to solicit information from military, law enforcement, or third parties using information derived from the unauthorized report.

3. Prohibiting Defendants from using any information derived from the unauthorized report in any judicial, administrative, or employment-related proceeding.

4. Enjoining Defendants from contacting Plaintiffs' employers, military chain of command, or unrelated third parties in connection with the report or matters contained therein.

5. Enjoining Defendants from engaging in further harassment of Plaintiffs and their family through misuse of the report, false witness solicitation, police calls, defamatory communications, or any other related conduct.

6. Granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

/s/ Eric Truss

ERIC TRUSS, *PRO SE*

/s/ Champagne Truss

CHAMPAGNE TRUSS, *PRO SE*

ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No.: 1:25-CV- 00348- JAO-KJM** |
| **LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM;** | ) **District Judge: Jill A. Otake** |
| | ) **CERTIFICATE OF COMPLIANCE** |
| **Defendant(s).** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## <u>CERTIFICATE OF COMPLIANCE</u>

WE HEREBY CERTIFY that the Plaintiffs Memorandum in Support

of the Motion for Preliminary Injunction contains 6,228 words according to the

word count conducted in Microsoft Word, including all headings, footnotes, and

quotations, and excluding the case caption, table of contents, table of authorities,

table of exhibits, and any attachments or exhibits. The word count of Plaintiffs'

Memorandum complies with the applicable word limitations in Rule 7.4(b) of the

Local Rules of Practice for the United States District Court for the District of

Hawaii.

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,


/s/ Eric Truss                    /s/ Champagne Truss
ERIC TRUSS, *PRO SE*          CHAMPAGNE TRUSS, *PRO SE*

ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **vs.** | ) |
| | ) **Case No.: 1:25-CV- 00348- JAO-KJM** |
| **LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM;** | ) **District Judge: Jill A. Otake** |
| | ) **CERTIFICATE OF SERVICE** |
| **Defendant(s).** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that, on the date indicated below, we caused a true

and correct copy of the foregoing **NOTICE OF MOTION FOR**

**PRELIMINARY INJUNCTION; PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF LAW; CERTIFICATE OF COMPLIANCE; SWORN DECLARATION OF PLAINTIFF ERIC TRUSS; SWORN DECLARATION OF PLAINTIFF CHAMPAGNE TRUSS; AND EXHIBITS 1, 3-6, 8-15, 18-27, 29-32,** to be served **Via CM/ECF (Electronic Filing):** Notice of this filing will be sent by the Court's electronic filing system to counsel of record for Defendants including:

- **Ken Remson, Esq., and Robert J. Zavaglia, Jr., Esq.**

  **Freeman Mathis & Gary, LLP**

  **Attorneys for Defendants Shelly Dill and New Leaf Family**

  **Ken.Remson@fmglaw.com, Robert.zavaglia@fmglaw.com**

- **Rosa Flores**

  **Law Office of Rosa Flores, LLLC**

  **Attorney for Defendant Lacie Reyes**

  **Rosa@rosafloreslaw.com**

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

/s/ Eric Truss
_____

ERIC TRUSS, *PRO SE*

/s/ Champagne Truss
_____

CHAMPAGNE TRUSS, *PRO SE*

2