ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE**<br><br>Plaintiff(s),<br><br>vs.<br><br>**LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM**<br>Defendant(s). | Case No.: CV25 00348 JAO KJM<br><br>PLAINTIFFS' MOTION TO SEAL; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL; SWORN DECLARATION OF PLAINTIFF ERIC TRUSS; SWORN DECLARATION OF PLAINTIFF CHAMPAGNE TRUSS; CERTIFICATE OF SERVICE<br><br>(Exhibits 2, 7,16,17, 28 filed under seal and submitted to chambers; Proposed Order also submitted to chambers, in accordance with Local Rule and CM/ECF procedures.) |

## PLAINTIFFS' MOTION TO SEAL

Plaintiffs Eric Truss and Champagne Truss ("Mr. Truss", "Mrs.

Truss", "Plaintiffs"), proceeding pro se, respectfully move this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.2 for an order permanently sealing Exhibits 2, 7, 16, 17, and 28 in conjunction with Plaintiffs' contemporaneously filed Motion for Preliminary Injunction.

These exhibits consist of five versions of the U.S. Army Initial Military Police Report that Defendants unlawfully obtained and disseminated. Each version contains sensitive Personally Identifiable Information (PII) (Social Security numbers, Department of Defense (DOD) numbers, date of births, and addresses etc.) of Mr. and Mrs. Truss and their 2 minor children (AT and DM), sensitive information of Mr. Truss' military identifiers, private personal information, and the names of sensitive Army personnel.

All pages of the reports are stamped with the dissemination restriction: *"Information contained in this report is Law Enforcement Sensitive containing Controlled Unclassified Information (CUI), categories: PRVCY, LEI, INV. Dissemination is controlled respectively by DACID or OPMG based on Army Regulation 190-45 (Law Enforcement Reporting), limited to authorized holders, and cannot be further distributed."*

Due to redaction being proven as insufficient, Plaintiffs request that these five exhibits remain sealed in their entirety.

This Motion is filed in conjunction with Plaintiffs' simultaneously filed Motion for Preliminary Injunction [ECF No. 37]. Exhibits 2, 7, 16, 17, and 28 are submitted under seal.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Permanently seal Exhibits 2, 7, 16, 17, and 28 in their entirety;

2. Limit access to these exhibits to the Court, court personnel, and counsel of record only; and

3. Maintain the sealed exhibits as part of the official record.

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

| /s/ Eric Truss | /s/ Champagne Truss |
|---|---|
| ERIC TRUSS, *PRO SE* | CHAMPAGNE TRUSS, *PRO SE* |

ERIC TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*
4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE**<br><br>Plaintiff(s),<br><br>vs.<br><br>**LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM**<br>Defendant(s). | **Case No.: CV25 00348 JAO KJM**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

# INTRODUCTION

This Memorandum supports Plaintiffs' Motion to Seal Exhibits 2, 7, 16, 17, and 28. Each exhibit is a version of a U.S. Army Initial Military Police Report that was unlawfully obtained by Defendant Reyes and misused by Defendants Reyes and Dill. The reports contain Social Security numbers, dates of birth, DOD Identification numbers of Plaintiffs and their minor children (AT and DM), Plaintiffs' military unit and identifiers, sensitive military law enforcement personnel, and private/ sensitive information related to Plaintiffs.

As redaction cannot sufficiently shield these identifiers and Army-controlled law enforcement sensitive Controlled Unclassified Information (CUI), sealing represents the only narrowly tailored means of preventing further unauthorized disclosure.

## NOTICE OF SEALED EXHIBITS

The following exhibits are filed under seal:

A. **Exhibit 2:** Unauthorized, unredacted Initial Military Police Report obtained by Defendant Reyes by providing Mr. Truss' Social Security number to a civilian federal worker who leaked the report (Dec. 10, 2024).

B. **Exhibit 7:** Completely unredacted version of the unauthorized Initial Military Police Report filed by Defendants in Colorado

  Family Court (Court submission stamp top right) (Mar. 6, 2025).

C. **Exhibit 16:** Self-redacted version of the unauthorized Initial Military Police Report filed by Defendant Reyes in Colorado Family Court (Apr. 23, 2025).

D. **Exhibit 17:** Partially- denied FOIA version of the Initial Military Police Report filed by Defendant Reyes in Colorado Family Court (Apr. 23, 2025). This version discloses sensitive information of Mr. Truss' military identifiers, and other privacy identifiers in violation of FOIA Exemptions 6 and 7.

E. **Exhibit 28:** Self-redacted version of the unauthorized Initial Military Police Report filed by Defendant Reyes in Hawaii TRO hearing (Jul. 1, 2025).

## LEGAL BASIS FOR SEALING

1. **FRCP 5.2**: Requires redaction of Social Security numbers, dates of birth, names of minors, and similar identifiers.

2. **Local Rule 5.2**: Authorizes sealing upon a showing of compelling reasons and requires courtesy copies of sealed materials.

3. **Army Regulation 190-45**: Restricts dissemination of Military Police reports to authorized holders only.

3

4. **Privacy Act of 1974 (5 U.S.C. § 552a)**: Prohibits unauthorized distribution of agency records containing personal identifiers.

5. **FOIA Exemption 6**: Information that, if disclosed, would invade another individual's personal privacy.

6. **FOIA Exemption 7**: Information compiled for law enforcement purposes that:

   7(A). Could reasonably be expected to interfere with enforcement proceedings.

   7(B). Would deprive a person of a right to a fair trial or an impartial adjudication.

   **7(C). Could reasonably be expected to constitute an unwarranted invasion of personal privacy.**

## ARGUMENT

### A. Compelling Reasons Justify Sealing the Exhibits

The Ninth Circuit recognizes that the public's general right of access to judicial records is not absolute. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Courts may seal records when "compelling reasons" exist that outweigh the presumption of access. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Compelling reasons include circumstances where disclosure would expose "sources of business information that might harm a litigant's competitive

4

standing" or reveal "private and confidential" information irrelevant to public understanding of the proceedings. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Exhibits at issue here (Exs. 2, 7, 16, 17, 28) contain Social Security numbers, dates of birth, DOD Identification numbers, home addresses, the full names and identifiers of minor children, sensitive information of Mr. Truss' military identifiers, private personal information, and the names of sensitive Army personnel.

Disclosure of this information to the general public would serve no legitimate public purpose and would only further Defendants' campaign of harassment. Thus, compelling reasons to seal are overwhelmingly present.

**B. The Risk of Irreparable Harm Greatly Outweighs Any Public Interest in Access**

Public filing of these reports would cause irreparable harm to Plaintiffs and their minor children. Defendants have already:

1. Filed the unredacted report in open state court proceedings (Exhibit 7).
2. Transmitted the report multiple times to third parties through unsecured email.
3. Relied on the reports to identify and contact Army law

enforcement personnel.

    4. Named sensitive Army personnel from the report as witnesses/ caused an investigator to testify in unrelated custody litigation without proper Army authorization.

    5. Publicly listed Plaintiff Mrs. Truss herself as a witness to testify to incidents alleged in the report, against her husband solely to harass.

If these Exhibits are placed on PACER, they become accessible worldwide with no ability to retrieve or limit dissemination. Courts have consistently recognized that disclosure of personal identifiers such as Social Security numbers, dates of birth, and military or employment identifiers constitutes irreparable harm that justifies sealing or equivalent protection. *See United States v. Miami Univ.*, 294 F.3d 797, 819–21 (6th Cir. 2002); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062–68 (6th Cir. 1998); *Greidinger v. Davis,* 988 F.2d 1344, 1353–56 (4th Cir. 1993).

This case is not about shielding information from public view; it is about protecting Plaintiffs and innocent third parties from ongoing harm caused by misuse of Army-controlled law enforcement records.

### C. Sensitive Army Personnel Will Be Exposed Without Sealing

The Exhibits list the names of Army Military Police officers, investigators, and Plaintiff's Commander. Defendants exploited these names with

6

attempts to subpoena or threaten Army personnel into testifying in state court in an unrelated matter. These individuals were never properly authorized by the Army to appear in civilian litigation, and their exposure is contrary to federal regulations.

If the Exhibits remain public, the names of these Army personnel will once again be disseminated beyond their intended scope, jeopardizing both privacy and operational integrity. This risk to third parties provides an additional compelling reason for sealing. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1137 (9th Cir. 2003) (third-party privacy interests justify sealing).

### D. Redaction Has Proven Inadequate

Defendants may suggest that redaction, rather than sealing, is sufficient. That is incorrect here.

The self-redacted versions submitted by Defendant Reyes (Exhibits 16 and 28) still contain sensitive identifiers and were used improperly. The FOIA-produced version (Exhibit 17) still discloses Plaintiff's sensitive military identifiers and private information, contrary to FOIA Exemptions 6 and 7. Even "redacted" versions allowed Defendants to misuse the reports to extract Army personnel names and identify Plaintiffs' children. The Ninth Circuit has emphasized that sealing is appropriate when "redaction leaves significant risk of exposure." *Ctr. for Auto Safety,* 809 F.3d at 1097.

### E. Privacy Interests of Minor Children Are Paramount

7

The Exhibits include the names and identifiers of Plaintiffs' minor children (AT, and DM, ages 1 and 11 at the time of the report). Federal courts have consistently protected minors' privacy as a compelling interest outweighing public access. *See Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982) (protection of children's identities justifies restricting access); *United States v. Doe,* 870 F.3d 991, 998 (9th Cir. 2017) (privacy of minors and third parties provides compelling reason to seal).

Sealing is the only effective mechanism to protect Plaintiffs' children from harassment, identity theft, or further exploitation of their personal identifiers.

### F. Sealing Is Narrowly Tailored to the Harm at Issue

Plaintiffs are not seeking to broadly restrict public access to this case. They request sealing of only five exhibits which are specific versions of the same report, each unlawfully obtained and repeatedly misused. All other filings remain open to the public.

This narrow tailoring directly satisfies the Ninth Circuit's requirement that sealing orders be "limited to only those portions of the record that are justifiable." *Kamakana*, 447 F.3d at 1183.

### G. Public Policy Favors Sealing in These Circumstances

Finally, public policy weighs in favor of sealing. The Army has classified the reports as Law Enforcement Sensitive CUI, with explicit distribution

8

restrictions under Army Regulation 190-45. Each page of the reports states that the report cannot be further disseminated.

Allowing these exhibits to be filed publicly would undermine federal law, Army regulations, and the Privacy Act of 1974. Conversely, sealing upholds the integrity of law enforcement records, protects military personnel, and prevents the misuse of sensitive Army documents in unrelated civilian disputes. The public's interest is served not by voyeuristic access to Plaintiffs' private identifiers or Army records, but by ensuring that the judicial process does not become a vehicle for further harassment.

## CONCLUSION

Compelling reasons justify sealing Exhibits 2, 7, 16, 17, and 28 in their entirety. Redaction has proven inadequate, and public filing would expose Plaintiffs, their children, and Army personnel to irreparable harm. Sealing is narrowly tailored, consistent with federal rules, and necessary to protect overriding privacy interests. For these reasons, Plaintiffs respectfully request that the Court grant their Motion to Seal Exhibits 2, 7, 16, 17, and 28.

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

| /s/ Eric Truss | /s/ Champagne Truss |
|---|---|
| ERIC TRUSS, *PRO SE* | CHAMPAGNE TRUSS, *PRO SE* |

ERIC TRUSS, *PRO SE*

4448 Kobashigawa St.
Honolulu, HI 96818
(762) 241-3775
Truss.eric@yahoo.com

CHAMPAGNE TRUSS, *PRO SE*

4448 Kobashigawa St.
Honolulu, HI 96818
(909) 380-2758
Champagne.davis@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| **ERIC TRUSS, and CHAMPAGNE TRUSS aka CHAMPAGNE MOORE** | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | )<br>) **Case No.: 1:25-CV- 00348- JAO-KJM** |
| **LACIE REYES; SHELLY DILL; and NEW LEAF FAMILY LAW FIRM;** | ) **District Judge: Jill A. Otake**<br>) **CERTIFICATE OF SERVICE** |
| Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

We hereby certify that, on the date indicated below, we caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO SEAL; MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL; SWORN DECLARATION OF PLAINTIFF ERIC TRUSS; and SWORN DECLARATION OF PLAINTIFF CHAMPAGNE TRUSS,** to be served **Via CM/ECF (Electronic Filing):** Notice of this filing will be sent by the Court's electronic filing system to counsel of record for Defendants including:

- **Ken Remson, Esq., and Robert J. Zavaglia, Jr., Esq.**

    **Freeman Mathis & Gary, LLP**

    **Attorneys for Defendants Shelly Dill and New Leaf Family**

    **Ken.Remson@fmglaw.com, Robert.zavaglia@fmglaw.com**

- **Rosa Flores**

    **Law Office of Rosa Flores, LLLC**

    **Attorney for Defendant Lacie Reyes**

    **Rosa@rosafloreslaw.com**

DATED: Honolulu, Hawaii, October 20, 2025.

Respectfully submitted,

/s/ Eric Truss                          /s/ Champagne Truss
_____          _____
ERIC TRUSS, *PRO SE*           CHAMPAGNE TRUSS, *PRO SE*

2